BERLIN DYE WORKS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 15714. Promulgated November 1, 1928.

*I. B. Kornblum, Esq.*, for the petitioner.
*Shelby S. Faulkner, Esq.*, for the respondent.

MARQUETTE: This proceeding is for the redetermination of deficiencies in income and profits taxes asserted by the respondent in the amount of $1,570.56 for the year 1920 and $1,153.76 for the year 1921. The respondent has also asserted a penalty of 25 per cent of the deficiency for 1920 for delinquency on the part of the petitioner in filing its return for that year. The error assigned by the petitioner is that the respondent refused to hold that the petitioner and the North Moneta Garden-Lands Water Co. were affiliated during the taxable years mentioned.

The petitioner is a corporation organized under the laws of California in the year 1914, with its principal office and place of business at Los Angeles. Its authorized capital stock is $10,000, divided into 10,000 shares of the par value of $1 each, all of which was outstanding in the years 1920 and 1921, and of which 9,998 shares were owned and held by Gusta Kornblum, 1 share was owned and held by A. H. Kornblum, son of Gusta Kornblum, and 1 share was owned and held by Mae E. Kornblum, wife of A. H. Kornblum.

The American Dye Works is a corporation organized under the laws of California in December, 1917, and it is and was during the years 1920 and 1921 engaged in the dry-cleaning and dyeing business at Los Angeles. Its authorized capital stock is $10,000, divided into 10,000 shares of the par value of $1 each, all of which was outstanding during the years 1920 and 1921 and was owned and held as follows: 9,997 shares by the Berlin Dye Works; 1 share by Gusta Kornblum; 1 share by A. H. Kornblum, and 1 share by Mae E. Kornblum.

The Berlin Realty Co., hereinafter called the Realty Company, is a California corporation with its principal office and place of business at Los Angeles. Its authorized capital stock is $240.000, divided into 2,400 shares of the par value of $100 each, all of which

was outstanding during the years 1920 and 1921 and was owned and held: 2,396 shares by Gusta Kornblum; 1 share by A. H. Kornblum; 2 shares by Mae E. Kornblum, and 1 share by Lean Brons.

The North Moneta Garden-Lands Water Co., hereinafter called the Water Company, is a California corporation with an authorized capital of $35,000, divided into 1,400 shares of common stock of the par value of $25 each. All of the authorized capital stock was issued and outstanding during the years 1920 and 1921 and was owned and held: 1,000 shares by the Realty Company; 1 share by Gusta Kornblum; 1 share by A. H. Kornblum; 1 share by Mae E. Kornblum, and 397 shares by persons who had purchased lots in the North Moneta Garden-Lands from the Realty Company.

The Realty Company has been since its organization engaged in the business of selling real estate, and more particularly, a certain tract of land known as the North Moneta Garden-Lands. The Water Company was organized for the purpose of furnishing water to the owners of property in the North Moneta Garden-Lands and it was operated only for that purpose. In order that it might sell its land with less difficulty, and as an additional inducement to purchasers, the Realty Company gave one share of the capital stock of the Water Company to each purchaser of an acre lot in the North Moneta Garden-Lands. The certificate of the stock so issued to purchasers of lots contained the following recital:

THIS CERTIFIES that —— is the owner of —— Shares of the Capital Stock of the NORTH MONETA GARDEN-LANDS WATER COMPANY made appurtenant to Lot —— of the North Moneta Garden-Lands Tract, and that said shares of stock shall only be transferred with said lands and shall pass as an appurtenance to said lands.

The four corporations hereinabove named use, and used in 1920 and 1921, the offices of the American Dye Works as their principal place of business. They had the same offices, and employees of the American Dye Works were used to carry on the business of the four companies. The salaries of all employees were paid by the Dye Works. The Water Company furnished water only to the owners of property in the North Moneta Garden-Lands and had no other source of income. It had no bank account or separate books of account, all of its bills being paid by the Realty Company and all of its collections being made by employees of the American Dye Works and handled on the books of that company. The Water Company operated at a loss practically all the time and the losses were paid by the Realty Company. The Realty Company advanced to the Water Company the amount of $2,145.99 in 1920 and $1,085.24 in 1921. The rates charged by the Water Company for water were fixed by the Railroad Commission of the State of California.

The purchasers of land in the north Moneta Garden-Lands regarded the shares of stock of the Water Company received by them in connection with said purchase, as mere evidence of their right to receive water. They never exercised, or attempted to exercise, stockholder's rights and none of them attended the stockholders' meetings which were held in 1920 and 1921, although they were duly notified of the meetings.

The respondent upon audit of the petitioner's income and profits-tax returns for 1920 and 1921 determined that the petitioner and the American Dye Works and the Realty Company were affiliated during those years, but that the petitioner was not affiliated with the Water Company, and determined deficiencies as above set forth.

The four corporations named were affiliated during the taxable years involved.

*Judgment will be entered under Rule 50.*